IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| TIMOTHY J. BARNHILL, | ) | |
| --- | --- | --- |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 04-1023-CV-W-ODS |
| | ) | Crim. No. 02-00245-01-CR-W-HFS |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER AND OPINION DENYING MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending is Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. The motion (Doc. # 1) is denied.

In September 2002 Movant was indicted on one count of being a felon in possession of a firearm. His underlying felony conviction occurred in 1989 and was for second degree assault. Movant was released on bond pending trial, but in November 2002 was ordered to show cause why his bond should not be revoked because he was harassing a witness in the case. On this occasion, his bond was continued.

Movant plead guilty on the morning of trial. Pursuant to a written plea agreement, Movant and the Government agreed, *inter alia*, Movant's base offense level was 20 and he was entitled to a two level reduction for acceptance of responsibility. Movant's bond was continued pending sentencing. Prior to sentencing, Movant was involved in a domestic disturbance that included charges of endangering a child, and, before a show cause hearing could be held, Movant elected to surrender his bond.

The Presentence Investigation Report ("PSI") proposed both an enhancement for obstruction of justice and a loss of acceptance of responsibility for his witness harassment and his criminal conduct following his guilty plea. Counsel for both parties engaged in negotiations, and it was agreed Movant would not object to the denial of his

acceptance of responsibility and the Government would not pursue an enhancement for obstruction of justice. This agreement resulted in an Adjusted Offense Level of twenty and a Criminal History Category V, resulting in a sentencing range of 63 to 78 months. Movant was sentenced to 72 months imprisonment.

Movant appealed his sentence, contending (among other things) the Government breached the plea agreement by failing to recommend a reduction for acceptance of responsibility. All of Movant's arguments were rejected (except for his ineffective assistance of counsel claims, which were deemed prematurely raised in a direct appeal). United States v. Barnhill, No. 03-2475 (8th Cir. Jan. 12, 2004).

In his instant motion, Movant contends his sentence should be vacated based on ineffective assistance of counsel. Specifically, he contends his attorney was deficient for (1) failing to argue for a lower Base Offense Level, (2) agreeing to "trade" the reduction for acceptance of responsibility for the Government's concession regarding the obstruction of justice enhancement, and (3) failing to investigate a Double Jeopardy defense. Movant also advanced a fourth argument (captioned as "Claim Three") that addresses the remedy for counsel's alleged failings.

A claim of ineffective assistance of counsel is governed by the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). "This standard requires [the applicant] to show that his 'trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced his defense.'" Nave v. Delo, 62 F.3d 1024, 1035 (8th Cir. 1995), cert. denied, 517 U.S. 1214 (1996) (quoting Lawrence v. Armontrout, 961 F.2d 113, 115 (8th Cir. 1992)). This analysis contains two components: a performance prong and a prejudice prong.

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," Strickland, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Id. at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors,

2

> the result of the proceeding would have been different.'" Lawrence, 961 F.2d at 115 (quoting Strickland, 466 U.S. at 694).

Id. Failure to satisfy both prongs is fatal to the claim. Pryor v. Norris, 103 F.3d 710, 713 (8th Cir. 1997) (no need to "reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness").

Movant's first argument fails because he cannot satisfy the prejudice prong. His underlying felony was for a crime of violence, so section 2K2.1(a)(4)(a) dictated his Base Offense Level was 20. The six point reduction for possessing firearms solely for lawful sporting purposes does not apply if section 2K2.1(a)(4) applies. See USSG § 2K2.1(b)(2). Therefore, counsel's failure to consider or investigate whether Movant possessed the rifle only for lawful sporting purposes did not prejudice Movant.

Movant's second argument fails because he cannot satisfy either prong. To the extent Movant contends he was "unaware" of the deal involving the acceptance of responsibility/obstruction of justice adjustments, the record belies his contention. To the extent Movant contends this was a "bad deal" that he now regrets, he fails to explain what his attorney did or failed to do that constituted deficient performance. To the extent Movant contends the Government was obligated to lobby the Court to allow for a reduction, this is not an accurate statement of law and the point was rejected on direct appeal.

Finally, Movant's Double Jeopardy rights were not implicated, so counsel was not deficient for failing to raise the issue. The same events involved in the federal prosecution formed the basis for state charges for unlawful use of weapon; Movant plead guilty. The state crime required proof Movant knowingly possessed a firearm while he was intoxicated. Mo. Rev. Stat. § 571.030(5). The federal charge required proof Movant knowingly possessed a firearm that had traveled in interstate commerce when he had previously been convicted of a felony. Each crime had an element the other did not, so the crimes are not the same for Double Jeopardy purposes. Movant's claim also fails to the extent it relies on alleged violations of the Government's Petite Policy

3

because the policy does not create substantive rights for criminal defendants. E.g., United States v. Robinson, 774 F.2d 261, 275 (8th Cir. 1985).

### III. CONCLUSION

For these reasons, Movant's application for relief under 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, JUDGE
DATE: June 2, 2005                  UNITED STATES DISTRICT COURT